UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MASON, *et al.* | ) | CASE NO.:  1:10 CV 884 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JOHN POWERS, *et al.* | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

Plaintiffs *pro se* Elizabeth Mason ("Elizabeth") and her daughter Valerie Mason ("Valerie")
filed this action under the Sixth and Fourteenth Amendments to the United States Constitution along
with various Ohio statutes, the Ohio Rules of Civil Procedure, the Code of Professional
Responsibility, the Code of Professional Conduct and the Ohio Rules of Court. The Defendants
include John Powers, the FDIC, Am Trust Bank Manager Alina Balaga, the City of South Euclid,
the South Euclid Municipal Court System, the South Euclid Police Department, South Euclid
Prosecutor Michael Shaunessey, South Euclid Municipal Court Judge Patricia Kleri, Clerks Present
at Trial, Clerks and the State of Ohio Criminal Sentencing Commission and Office of Disciplinary
Counsel and New York Community Bank. Plaintiff is seeking compensatory and punitive damages.

The Complaint, apparently prepared by Elizabeth, contains a list of violations committed by
Defendants and the relief requested from some of them. There are no alleged facts. Examination of
other documents in the record shows that Valerie, when confronted by a South Euclid police officer,
admitted to making a phone call to Am Trust Bank stating that the bank was going to be robbed by
three black males. Elizabeth asserts that Valerie was falsely arrested. In her affidavit, Elizabeth
states that a trial was held in the South Euclid Municipal Court but she did not include the verdict.

She contends that her daughter was innocent and actually prevented a robbery.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the  reasons stated below, this action is dismissed.

Neither the Complaint nor the remainder of the record set forth anything that could constitute a cause of action for Elizabeth. None of any potential facts pertain to her.  None of the facts in the Complaint or other documents state a cognizable claim on behalf of Valerie. The outcome of Valerie's trial, an important fact as to whether a false arrest occurred, is not included in the Complaint thereby precluding a claim for false arrest.

South Euclid Municipal Court Judge Patricia Kleri is named as a Defendant in the Complaint. It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)).

There are no facts alleged reasonably suggesting Judge Kleri acted outside the scope of her official duties.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Michael Shaunessy was acting outside of the scope of his responsibilities.

The Sixth Circuit has held that "in order to state a claim against a city under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978). Plaintiff's Complaint fails in this regard. Thus, any claim against the City of South Euclid must fail.

A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio, Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 3 (E.D. Tenn., Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity)). Therefore, the South Euclid Police Department is not a proper party to this action and must be dismissed.

A clerk of courts is entitled to absolute immunity when performing judicial functions even if acting erroneously, corruptly or in excess of jurisdiction. *Bolling v. Garrett*, 2008 WL 2610234

* 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)).  The Defendants that Plaintiffs refer to as Clerks are not proper parties to this case.

The Sixth Circuit has held that a court is not a suable entity and that the only proper defendants are either the individual actors or the county. *Mineer v. Fleming County,* 1995 WL 111490 *2 (6th Cir. March 15, 1995). *See Wise v. Steubenville Mun. Court*, 2008 WL 4849233 * 1 -2 (S.D. Ohio, Nov. 6, 2008). Also, a suit against a municipal court is barred by the Eleventh Amendment.  *Foster v. Walsh,* 864 F.2d 416, 419 (6th Cir.1988); *Sampson v. City of Xenia,* 108 F.Supp.2d 821, 840 (S.D. Ohio 1999);

The Ohio Criminal Sentencing Commission and the Office of Disciplinary Counsel are Ohio agencies. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984)). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. The Ohio Criminal Sentencing Commission and the Ohio Disciplinary Counsel are immune from suit for money damages and must be dismissed as party Defendants.

Plaintiffs named the FDIC as receiver for Am Trust Bank. They assert slander of title in the Complaint and request an apology because Valerie Mason's account was closed after the incident occurred. It appears that the account was later reinstated. This claim and claims against the Am Trust Bank Manager, Alina Balaga, who was mentioned only in an affidavit attached to the Complaint,

for lying about Valarie Mason and against John Powers, her attorney are state claims that are inappropriate in this case since no federal cause of action exists.

The New York Community Bank is named as a Defendant. Plaintiffs want this bank to investigate. No reasons are set forth in the Complaint why this bank has such authority nor do the meager facts presented in the record demonstrate that an investigation is required. Moreover, damages are not requested from this Defendant.

Because the Complaint is so weak and unsubstantial, it must be dismissed pursuant to *Iqbal*, 129 S. Ct. at 1949.

Accordingly, Plaintiffs' Motions to Proceed *In Forma Pauperis* are granted. (ECF 2,3). This action is dismissed.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

**/s/SOLOMON OLIVER, JR.**
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 30, 2010